ROLLWAGEN v. ROLLWAGEN et al.

(*Supreme Court, General Term, First Department.* March 13, 1891.)

APPOINTMENT OF RECEIVERS—RIGHTS OF LIFE-TENANT.

> Plaintiff had an estate for life in certain real property in which defendant E. had an estate in dower, subject to plaintiff's life-estate, and the other defendants owned the fee, subject to such life-interests. E. was in possession, and collected the rents by consent of the parties. *Held,* that plaintiff was not entitled to the appointment of a receiver of the rents and profits, because taxes had not been paid promptly by E., where all taxes, with interest, had been paid before suit was brought, and plaintiff was not asked to contribute to the interest; nor because E. failed to keep the premises in repair, so that the board of health filed complaints, it appearing that the property consisted of tenement-houses, that the character of the complaints was not unusual, and that all complaints made before the action had been complied with; nor for delay in rendering accounts, and paying plaintiff her proportion of the rents, the character of the occupants being such that it was impossible to collect rents promptly, so that the delay did not appear to be unreasonable or willful.

Appeal from special term, New York county.

Action by Magdalena Rollwagen against Arthur C. Rollwagen, Florence M. Rollwagen, and Emily S. Rollwagen. Plaintiff appeals from a judgment for defendants entered on the dismissal of the complaint at the trial by the court without a jury.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Arnoux, Ritch & Woodford,* (*William H. Arnoux* and *C. M. Bovee,* of counsel,) for appellant. *Jacob F. Miller,* for respondents.

O'BRIEN, J. The complaint alleges, in substance, that the plaintiff is the owner of an estate for life in seven undivided fifteenths of the premises; that Emily S. Rollwagen is seized of an estate in dower in said premises subject to the life-estate of plaintiff; and that the defendants Florence M. and Ar-

thur C. Rollwagen own the fee subject to said life-interests. These premises consist of four houses in the city of New York, and the real purpose of the action is to secure the appointment of a receiver of the rents and profits. Subsequent to the entry of the decree under which the interests of the parties were fixed, and in September, 1879, the defendant Emily S. Rollwagen entered into possession of the property, and began collecting the rents by consent of the parties. The grounds urged for the appointment of a receiver are the alleged mismanagement of the premises in the following particulars: *First,* that the taxes were not paid promptly, and by reason thereof the said property had been advertised for sale by the city; *second,* that she failed to keep said property filled with good tenants; *third,* that she failed to keep the premises in repair, so that the board of health filed complaints; *fourth,* that excessive charges were made for repairs; *fifth,* that unreasonable delay ensued in rendering accounts, and in paying to plaintiff her just proportion of the rents.

It will not be claimed, I think, that upon the trial any effort was directed to sustain the allegations that defendants failed to keep the property filled with good tenants, or that excessive charges were made for repairs. This would leave to be considered the testimony offered in regard to the non-payment of taxes promptly, the failure to keep the premises in repair, and the unreasonable delay in rendering the accounts, and paying to plaintiff her just proportion of the rents. At the outset, a serious question is presented as to whether this action will lie. The relief sought is an injunction and a receiver. These are provisional remedies, incident to ends, but not ends in themselves. No right of property is disputed or invaded, and I should be inclined to the view that the action itself could not be maintained, were it not that a construction can be given to the complaint, from which it may be assumed that the action is one for an accounting, in which, as incident thereto, it is sought to have a receiver appointed. It is unnecessary, however, to determine this question; for, assuming the action itself to be maintainable, there has been an utter lack of that proof which was essential to entitle the plaintiff to any relief. In regard to the question raised as to the payment of taxes, while it may be conceded that they were not paid promptly it is equally true that, prior to the commencement of this suit, the taxes, with interest thereon, had all been paid by defendant. By the delay no damage resulted to the plaintiff; for, though she paid her proportion of the taxes, she was not asked to contribute anything towards the payment of the interest that had accrued thereon from the time of confirmation down to the date of payment. As to the complaints from the board of health, while it has been shown that these were made, we must remember that the property in question consisted of tenement-houses, and the character of the complaints were neither unusual nor extraordinary. Besides, it was shown that, whatever complaints were made prior to the commencement of the action, the defendant complied with the same to the satisfaction of the board of health. The effort to show that subsequent to the commencement of the action additional complaints were made by the board of health was properly excluded, for the reason that whatever rights plaintiff may have had for the maintenance of the action were such as accrued prior thereto. As to delay in rendering accounts and paying plaintiff her just proportion of the rents, while some proof is offered to show that at intervals considerable delay ensued, this was in part explained by showing that the character of the occupants was such that it was impossible to collect the rents from the tenants promptly. Thus explained, the delay was not so unreasonable or willful as to deprive defendant of the management of the property. That accounts have been rendered and accepted, without objection as to their correctness, is not seriously disputed, and it is difficult to see upon what theory they are now to be disturbed, in the absence of allegations of proof showing mistake or fraud, or both; and neither of these things is alleged or proved. Plaintiff's

grievances and complaints, if they ever had any substantial foundation, were of the past, and had no existence at the time of the commencement of the action. The most that could be said is that plaintiff's ideas of the manner of managing the property did not in all respects agree with the defendants'; but, in the absence of proof showing acts of mismanagement which resulted to the plaintiff's injury, no ground for action is shown. For instance, plaintiff insist that the rents could be collected to better advantage by an agent to whom a commission was paid than by the defendants themselves. Defendants' position with reference to the appointment of an agent has been that it would not only entail additional expense for commissions, but also risk a percentage on repairs made to the premises being paid by those doing the work to the agent, without securing any greater rentals or fuller occupancy. As to their respective positions in reference to employing an agent, the proof would seemingly favor the defendants, for it is shown that, while the rents of the premises formerly in charge of an agent were but $5,500, they have, under the defendants' management, steadily advanced, until at the present time they amount to about $7,500. It is hardly necessary to add that it is the defendants' duty to keep the premises in a tenantable condition, to pay the taxes promptly, and to render accounts, and pay the plaintiff her proportion thereof, without unreasonable delay; and for a failure in these respects the plaintiff, in a proper action, would have a cause of complaint. But after an examination of all the evidence in this case it is reasonably certain that at the time of the commencement of this action no adequate reason existed, nor was any proof offered which would have justified the court in taking the management of the property from the possession of the defendants, where it had been placed by consent of the parties, and turning it over to a receiver. The exceptions which were taken, both to the admission of some of the defendants' evidence and to the exclusion of some of plaintiff's, have been examined, and are not such as would justify a reversal of the judgment. We are of opinion, therefore, that the disposition made of this case upon the trial by the learned judge in dismissing the complaint was proper, and the judgment should therefore be affirmed, with costs and disbursements. All concur.